## THE STATE OF IOWA,

IOWA CITY, NOVEMBER TERM, 1852.

In the sixth year of the State.

————•••——

PRESENT:

HON. JOSEPH WILLIAMS, CHIEF JUSTICE.
 " JOHN F. KINNEY, } JUDGES.
 " GEORGE GREENE, }

————•••——

## Hunt et al. v. Carr.

Parole evidence admissable to show that the defendant was induced to sign the contract under the fraudulent misrepresentations of plaintiff.

APPEAL from Muscatine District Court.

Opinion by WILLIAMS, C. J. James Carr, the plaintiff below, instituted his action on the case against G. W. Hunt, surviving partner, &c., to recover damages which he alleged he had sustained by the default of the defendants, who, as common carriers, had undertaken, upon contract, to convey merchandise for him from Muscatine, on the

Mississippi river to the town of Sigourney, in Keokuk county, in this state. The following evidence of the contract is made part of the record :

"Received in good order of John Lemp, six boxes of merchandise, &c., weight 10,885 lbs., which we agree to deliver in like good order to James Carr, in Sigourney, Keokuk county, Iowa, said Carr paying freight for the same at the rate of seventy cents per hundred pounds.

"Signed, G. W. & J. HUNT."

The allegation in the plaintiffs' complaint is that during the time that the merchandise was in the possession of the defendants, as common carriers, on its transit from Muscatine to Sigourney, it was by their negligence so injured, as that he has suffered damages to the amount of one thousand dollars. The defendant answered the declaration by the plea of "not guilty." The cause was submitted by the parties to the court without requiring a jury. On the trial, as appears by the bill of exceptions, the defendant offered evidence to prove the representations of Carr, the plaintiff, as made by him at the time of the making of the contract, " in regard to the roads, and the distance from Muscatine to Sigourney." To this evidence plaintiff's counsel objected, and the objection was sustained by the court. The counsel for the defendant than stated to the court, that the above question was one of a series of questions, intended to be put to each, and all of the witnesses, with a view to prove that the plaintiff obtained the signature of the defendant to the contract by fraud in this; that he misrepresented the distance from Muscatine to Sigourney ; that he misrepresented the state and condition of roads. The defendant also offered to introduce testimony tending to prove that plaintiff had then lately traveled the road from Muscatine to Sigourney ; and that the defendants or either of them had never traveled that road ;

but for truth in regard to all these matters they relied entirely on the statements of the plaintiff. The court refused to admit the evidence. To this decision of the court the counsel for the defendant excepted. Judgment was rendered in favor of the plaintiff for the sum of two hundred and twenty-four dollars and eighty cents damages. From this judgment the defendant appealed to this court.

The only question for decision here is as to the ruling of the court below in refusing to admit the evidence as offered to prove fraud and misrepresentation on the part of the plaintiff in the making of the contract.

The position in law upon which the counsel for the plaintiff rely, "that parole evidence cannot be received to vary or contradict the terms of a written instrument of contract, this action being upon a special contract," does not affect the question raised by the assignment of error. It is true, that as a general rule of law, a written instrument cannot be varied or contradicted, in its terms, by parole evidence. It is well settled, that parole evidence is admissable to show mistake or fraud in the making of a written instrument of contract.

The bill of exceptions shows that the counsel for defendant offered to prove that the defendants were induced to make and execute the receipt for the goods, and according to its terms, undertake to deliver them to plaintiff, for the price stipulated, at Sigourney, by the fraudulent misrepresentation of plaintiff as to the distance from Muscatine to that place, and the condition of the roads; he being well acquainted with the road, and having lately traveled it, and that the defendants had never traveled that road, but relied on representations of plaintiff. The defendants offered this evidence with the design to defend the action of the plaintiff, by showing that the damages complained of were the result of causes over which defendant could exercise no control; that if plaintiff had represented the distance and the condition of the roads truly defendants

would not have made and executed the contract; and that they were induced to execute the contract by the fraud and misrepresentations of the plaintiff.

We are of the opinion that this evidence, as offered by the defendant, should have been given to the jury; that the court erred in rejecting it. It is well established by the courts that fraud and misrepresentation in the making and execution of a contract, is a good defense to an action at law upon it, where such fraud and misrepresentation, relating to facts material to the interests of the party to the contract, and particularly where such party confides in the other for truthful information, as to the facts upon which the contract depends.

Such we understand to be the proposition of the defendant in the evidence offered in this case. The court should have permitted the evidence to go to the jury under the issue as joined in the case.

Judgment reversed.

*S. Whicher* and *W. G. Woodward*, for appellants.

*Henry O'Conner*, for appellees.